HAWKINS, Justice,
dissenting:
I respectfully dissent from the majority opinion.
In the case of Illinois Central Railroad Company v. McDaniel, 246 Miss. 600, 151 So.2d 805 (1963), this Court held it was actionable negligence for a railroad company to permit the view of the driver of a motor vehicle at a private crossing to become obstructed by bushes and underbrush so as to become more than ordinarily dangerous. In this case, the engineer-fireman S. E. Smith admitted he had upon deposition deposed the view at the crossing was partially obstructed. Eddie Clark, a deputy sheriff, testified the grass and weeds were “head high” or better, and a motor vehicle would have to have its front bumper on the tracks for the driver to have an unobstructed view to the South of the crossing from which the train was approaching. Patricia J. Burns testified “you almost had to go across the track before you could see anything,” and the vegetation was very tall. She had made no measurement, but she testified when a driver of a car approaching the track, such driver would have to get real close before he could see anything at all. Mark Burns testified about the vegetation ten to fifteen feet South of the road at the crossing. Mrs. Cheryl C. Burns testified the crossing was overgrown, thick and weedy and bushy, and vision such that a driver could hardly see.
Candor compels the concession on my part that the weight of the evidence in this case was in favor of the appellants on this question of obstruction of view; indeed, I can even see some merit in arguing the verdict of the jury was against the overwhelming weight of the evidence (although I would not concur in that conclusion, either). The test of reversing and rendering, however, is taking all evidence offered by the plaintiffs and all reasonable inferences therefrom as true, and ignoring all conflicting testimony offered by the defendant, was a case for the jury made? The evidence in this case is plain, at least to me, that a jury issue was made on whether or not the view at the crossing was dangerously obstructed because of weeds, bushes, trees and undergrowth.
The testimony of Smith and F. B. Tinsley, the engineer, is also uncontradicted that the decedent driver never looked South towards the train as he drove upon the crossing. This might compel a directed verdict except for the fact both these witnesses were in the engine car of the train observing the driver of the motor vehicle from a distance of some several hundred feet. A jury was entitled to pass upon the weight and credibility of such testimony.
While I can readily agree with the majority photographs are among trial courts’ most helpful aids in arriving at the facts, I am unable to accord them infallibility. Furthermore, in this case photographs were introduced by both sides, and from an examination of them all, enough uncertainty exists that, coupled with the testimony offered by the plaintiffs, clearly made a jury issue, in my respectful opinion.
Finally, I must disagree with any implication in the majority opinion that the railroad owed the occupants of that vehicle on that fateful day no higher duty than is owed a trespasser or naked licensee, and could only be held liable for gross or wanton negligence. I do not believe this Court has ever so held as to a person in a motor vehicle on a crossing maintained by the railroad, whether public or private. It is my respectful opinion that the rule as to persons entering upon property of another is inapplicable to the occupants of a motor vehicle on a railroad maintained crossing, whether public or private. In such instance I think the railroad should be held to the same duty as the rest of mankind, and that is to use reasonable or ordinary care not to injure another.